**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| **GINNEY MOTEL, INC. d/b/a ECONO LODGE and AFFORDABLE CONSTRUCTION SERVICES, INC., as Assignee,** | ) ) ) ) | |
| **Plaintiff,** | ) ) ) | Civil Action No.: 1:19-cv-01243-STA-jay |
| **vs.** | ) ) | JURY DEMAND |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, Subscribing to Policy No. ULL30699,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

**ORDER CONVERTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
STATUTORY BAD FAITH CLAIM TO MOTION FOR SUMMARY JUDGMENT
ORDER DIRECTING PLAINTIFF TO FILE PROOF**

Before the Court is Defendant Certain Underwriters at Lloyd's, London's Motion to Dismiss Plaintiffs' Statutory Bad Faith Claim  (ECF No. 27) filed on April 22, 2020.  Plaintiffs Ginney Motel, Inc. d/b/a Econo Lodge and Affordable Construction Services, Inc. as assignee, have responded in opposition, and Defendant has filed a reply.

In its Motion to Dismiss, Defendant seeks the dismissal of Plaintiffs' statutory claim for the bad faith refusal to pay an insurance claim under Tenn. Code Ann. § 56-7-105.  Defendant argues in its opening brief that the Complaint fails to allege the elements of the claim with sufficient particularity.  Specifically, Plaintiffs have not alleged how the policy became due and payable, how they made a formal demand for payment, on what terms they made the demand, or that 60 days have passed since their demand.  Plaintiffs respond that each of these elements is

alleged in the Complaint and that their pleading states a plausible claim for relief under the Tennessee bad faith statute.

Defendant has filed a reply brief in which it raises for the first time the argument that no proof exists to show that Plaintiffs ever made a formal demand to trigger the 60-day waiting period. Counsel for Defendant states that he has made formal and informal requests for a written copy of the demand. Plaintiffs have not made the formal demand part of their initial disclosures. So Defendant has propounded written discovery on Plaintiffs requesting a copy of the formal demand. Counsel for Defendant has also communicated with counsel for Plaintiffs asking for a copy of any written formal demand. According to counsel for Defendant, counsel for Plaintiffs responded that the formal demand itself could not be located. Defendant has made a copy of counsel's email inquiry an exhibit to the reply brief. Defendant now argues that the formal demand simply never occurred. In order to avoid costly discover related to the bad faith claim, Defendant argues that the Court should dismiss the bad faith claim at the pleadings stage.

The original issue presented in Defendant's Rule 12(b)(6) Motion to Dismiss was whether the Complaint had stated a plausible claim for the Tennessee statutory bad faith penalty. Pursuant to Tenn. Code Ann. § 56-7-105, the cause of action requires Plaintiffs to establish each of the following elements: (1) that the insurance policy, by its terms, became due and payable; (2) that a formal demand for payment was made; (3) that the insured waited sixty days after making demand before filing suit; and (4) that the insurer's refusal to pay was not in good faith. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 378 (6th Cir. 2007) (citing *Palmer v. Nationwide Mut. Fire Ins. Co.*, 723 S.W.2d 124, 126 (Tenn. Ct. App. 1986)). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require

"detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); s*ee also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555). In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.

Defendant's reply brief now goes further and seems to assert that Plaintiffs have not only failed to plead the claim with sufficient plausibility but also that Plaintiffs cannot prove that they made a formal demand for payment and then waited 60 days before bringing suit on the claim. Defendant has included evidence concerning counsel's email correspondence and copies of both sides' discovery requests related to the bad faith issue. Generally speaking, when a party moving under Rule 12(b)(6) presents matters outside the pleadings and the court does not exclude the materials, the court must treat the Rule 12(b)(6) motion as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss, however, the Court must give the parties "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Likewise, Rule 56(f)(3) allows a court to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute" and then giving the parties notice and a reasonable time to respond. Fed. R. Civ. P. 56(f)(3).

Defendant's reply brief suggests that Plaintiffs may not be able to prove that they made a formal demand to trigger the statutory bad faith penalty. The Court hereby gives Plaintiffs notice that it is considering summary judgment on its own as to Plaintiffs' claim for the statutory bad faith penalty based on Defendant's reply brief about the lack of proof of a formal demand.

Plaintiffs should come forward with all proof concerning the formal demand, including exhibits and affidavits, that Plaintiffs want the Court to consider in reaching its determination. Plaintiffs should also file a memorandum of law addressed to the proof and the question of whether summary judgment is proper as to their claim for the bad faith penalty. Plaintiffs' evidence and memorandum are due within 28 days of the entry of this order, that is, by July 10, 2020. Defendant will then have 28 days from the service of Plaintiffs' evidence and memorandum in which to respond.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 11, 2020