IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **GINNEY MOTEL, INC. d/b/a ECONO LODGE and AFFORDABLE CONSTRUCTION SERVICES, INC.,** as Assignee,<br><br>        Plaintiffs,<br><br>vs.<br><br>**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,** Subscribing to Policy No. ULL30699,<br><br>        Defendant. | Civil Action No.: 1:19-cv-01243-STA-jay |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Certain Underwriters at Lloyd's, London's Motion for Summary Judgment (ECF No. 46) filed on October 16, 2020. Plaintiffs Ginney Motel, Inc. d/b/a Econo Lodge and Affordable Construction Services, Inc., as assignee, have responded in opposition. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

This civil action arises from the parties' dispute over insurance coverage for hail damage to Plaintiff's commercial property. Plaintiff Ginney Motel, Inc. d/b/a Econo Lodge ("Ginney Motel") operates a motel in Lexington, Tennessee. Ginney Motel claims that the property's metal roof sustained damage during a hailstorm in 2017. Ginney Motel hired Plaintiff Affordable Construction Services, Inc. ("Affordable Construction") to ascertain the extent of the damage and then made a claim with its property insurer Defendant Certain Underwriters at Lloyd's, London's

1

("Underwriters"). Underwriters denied Ginney Motel's claim, and Plaintiffs allege Underwriters has breached the terms of the insurance policy. Underwriters now seek judgment as a matter of law, arguing that Affordable Construction lacks standing to sue as the assignee of Ginney Motel and that the statute of limitations on the contract claim has run.

To decide Underwriters' Motion for Summary Judgment, the Court must first consider whether any genuine issue of material fact exists that might preclude judgment as a matter of law. A fact is material if the fact "might affect the outcome of the lawsuit under the governing substantive law." *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citing *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. For purposes of summary judgment, a party asserting that a material fact is not genuinely in dispute must cite particular parts of the record and show that the evidence fails to establish a genuine dispute or that the adverse party has failed to produce admissible evidence to support a fact. Fed. R. Civ. P. 56(c)(1). Local Rule 56.1(a) requires a party seeking summary judgment to prepare a statement of facts "to assist the Court in ascertaining whether there are any material facts in dispute." Local R. 56.1(a). In support of its Motion, Underwriters has filed a statement of undisputed facts, and Plaintiffs have responded.

Based on the parties' submissions, the Court finds that the following facts are undisputed for purposes of summary judgment, unless otherwise noted. Ginney Motel owns and operates an Econo Lodge motel located at 732 Church Street, Lexington, Tennessee 38351 ("the Property"). (Def.'s Statement of Undisputed Fact ¶ 1.) On March 27, 2017, a hailstorm allegedly damaged the Property's roof. (*Id.* ¶ 2.) At the time, Underwriters insured the Property under policy number

ULL30699 issued to "Ginny Motel, Inc. DBA Econo Lodge" for the policy period February 27, 2017, through February 27, 2018 ("the Policy"). (*Id.* ¶ 3.) Underwriters were first notified of the alleged damage on or about April 7, 2017, through a Property Loss Notice filed by Ginny Motel's agent. (*Id.* ¶ 4.) Just days later, Ginny Motel owner Subhash "Bob" Patel signed a contract with Affordable Construction for repair of the alleged hail damage. (*Id.* ¶ 5.) Affordable Construction is the roofing company that had previously installed the roof in 2014 in connection with a prior insurance claim. (*Id.* ¶ 6.) Ginney Motel's contract with Affordable Construction was for "the amount of the Insurance Proceeds" and supposedly covered a full roof replacement. (*Id.* ¶ 7.) Mr. Patel also believed that the contract allowed Affordable Construction to handle Ginny Motel's insurance claim on his behalf. (*Id.* ¶ 8.) The parties dispute whether Ginney Motel actually assigned its interest in the insurance proceeds to Affordable Construction. Underwriters claims that there is no evidence of an assignment. (*Id.* ¶ 9.) Plaintiffs have produced a document that includes an assignment clause and made the document an exhibit to their summary judgment brief. Ex. 1, Pls.' Resp. in Opp'n (ECF No. 53-1).[1]

Upon receiving notice of the claim, Underwriters' designated third-party administrator, Promont Advisors, LLC ("Promont"), retained local field adjuster Casey Newport with Team One Adjusting Services to investigate the alleged damage. (Def.'s Statement of Undisputed Fact ¶ 10.) Mr. Newport inspected the Property on April 12, 2017, and concluded that the hail dents had not caused any structural damage to the roof and were only cosmetic. (*Id.* ¶¶ 11, 12.) Plaintiffs dispute Newport's conclusions and offer their own opinion evidence about the nature of the damage.[2] On

---

[1] Underwriters argues in its reply brief that Plaintiffs never produced the assignment agreement during discovery and therefore that Plaintiffs should not be allowed to introduce proof of the assignment at summary judgment. The Court considers this issue more fully below.

[2] Plaintiffs have filed a statement of additional facts for the Court to consider at summary judgment, and Underwriters have responded to Plaintiffs' statement as part of its reply.

3

May 22, 2017, Underwriters denied coverage for the alleged roof damage in a partial disclaimer letter issued by Promont on their behalf. (*Id*. ¶ 13.) The May 22, 2017 denial letter was sent via certified mail and signed for by Mr. Patel on May 25, 2017. (*Id*. ¶ 14.) The letter advised Ginny Motel that there was no coverage for the hail impacts to the roof based on the Policy's "Cosmetic Marring of Roofs and Materials" exclusion, which excludes coverage for cosmetic hail damage. (*Id*. ¶ 15.)

In response to the May 22, 2017 denial letter, Affordable Construction retained engineer Steve Prosser with Prosser & Associates ("Prosser") to dispute Underwriters' determination that no functional damage had occurred. (*Id*. ¶ 16.) Prosser inspected the Property on June 13, 2017, and prepared a report on his findings dated June 16, 2017. (*Id*. ¶ 17.) Affordable Construction then forwarded Prosser's report to Underwriters for consideration. (*Id*. ¶ 18.) In response, Underwriters retained engineers with EFI Global ("EFI") to conduct a second inspection. (*Id*. ¶ 19.) EFI confirmed the adjuster's initial findings that no functional damage had occurred, though Plaintiffs continue to dispute those conclusions. (*Id*. ¶ 20.) Underwriters, by and through Promont, advised Ginny Motel of EFI's findings in a letter dated September 25, 2017, and reaffirmed Underwriters' initial coverage denial based on the Policy's cosmetic marring exclusion. (*Id*. ¶ 21.) The September 25, 2017 denial letter was sent via certified mail and received by Ginny Motel on September 30, 2017. (*Id*. ¶ 22.) The September 25, 2017 denial letter was the last activity on the claim, and Promont closed its file on October 24, 2017, after receiving no response to the updated

---

Plaintiffs' additional facts concern the actual damage to the Property's roof and the results of the inspections of the damage. Because the Court holds that Plaintiffs filed suit on their contract claims out of time, the Court finds it unnecessary to consider the additional facts related to the nature and extent of the damage to the Property's roof system.

4

disclaimer letter.  (*Id.* ¶ 23.)  Neither Ginny Motel nor anyone on its behalf ever filed a Proof of Loss in connection with the hail claim.  (*Id.* ¶ 24.)

Plaintiffs initiated this action by filing a Complaint on October 13, 2019, which the Clerk of Court docketed as civil case no. 1:19-cv-01243-STA-jay.  Plaintiffs previously filed an action against Underwriters and Promont Advisors, LLC on July 26, 2018, civil case no. 1:18-cv-01137-STA-egb.  The parties disagree over whether the earlier action involved the same claims as the case at bar.  In any event, Plaintiffs filed a notice of voluntary dismissal in the previous case on December 17, 2018, and the Clerk entered judgment dismissing the action without prejudice.

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment if the party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Supreme Court has stated that "[t]hough determining whether there is a genuine issue of material fact at summary judgment is a question of law, it is a legal question that sits near the law-fact divide." *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009).  In reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  A court does not engage in "jury functions" like "credibility determinations and weighing the evidence." *Youkhanna v. City of Sterling Heights*, 934 F.3d 508, 515 (6th Cir. 2019) (citing *Anderson*, 477 U.S. at 255). Rather, the question for the Court is whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Anderson*, 477 U.S. at 252.  In other words, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law." *Id.* at 251–52. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In this case the Court has subject-matter jurisdiction by virtue of the parties' diversity of citizenship and the amount in controversy. 28 U.S.C. § 1332. A federal court sitting in diversity applies the law of the forum state, including the forum's choice-of-law rules. *Atl. Marine Constr. Co. Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 582 (2013); *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 692 (6th Cir. 2013). In contract cases, Tennessee follows the rule of *lex loci contractus*, meaning that "a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary intent" such as a valid contractual choice-of-law provision. *Se. Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 672 (6th Cir. 2006) (applying Tennessee law); *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 467 (Tenn. 1973). The parties in this case have briefed the substantive law of the state of Tennessee in their motion papers. As such, the Court will assume for purposes of deciding Underwriters' Motion for Summary Judgment that Tennessee law governs the parties' contractual dispute.

## ANALYSIS

Underwriters seeks judgment as a matter of law on Affordable Construction's standing to pursue a breach of contract claim against Underwriters and on the timeliness of either Plaintiff's contract claim under the statute of limitations contained in the policy. Because standing is an essential element of a federal court's jurisdiction under Article III, the Court begins its analysis there. *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 861 (6th Cir. 2020) (citing *Hagy v. Demers & Adams*, 882 F.3d 616, 620 (6th Cir. 2018)).

The Court is not entirely convinced by Underwriters' argument that Affordable Construction lacks standing, at least not as an Article III problem. Underwriters actually contest whether Ginney Motel properly assigned its contract interests to Affordable Construction, which is another way of calling into doubt Affordable Construction's capacity to sue. Capacity to sue, particularly to bring a suit on behalf of another, is distinct from standing. *Tri-Med Fin. Co. v. Nat'l Century Fin. Enters., Inc.*, 208 F.3d 215, 2000 WL 282445, at *4 (6th Cir. Mar. 6, 2000) (unpublished table decision); *see also Cranpark Inc. v. Rogers Grp. Inc.*, 821 F.3d 723, 730 (6th Cir. 2016) (concluding that "one who sells his interest in a cause of action is not deprived of Article III standing" but "is susceptible to a real-party-in-interest challenge"); *Norris v. Causey*, 869 F.3d 360, 367 (5th Cir. 2017) ("Courts have recognized this distinction between Article III standing and real-party-in-interest/capacity issues . . . ."); 59 Am. Jur. 2d Parties § 26 ("Capacity to sue is a threshold matter allied with, but conceptually distinct from, the question of standing.").

What is more, Plaintiffs have come forward at summary judgment with evidence suggesting that Ginney Motel did, in fact, assign to Affordable Construction its interest in any insurance proceeds owed by Underwriters. Plaintiffs have produced an unverified, one-page document which appears to be a copy of an agreement authorizing Affordable Construction to perform repairs at "Econo Lodge." *See* Pls.' Resp. in Opp'n, ex. 1 (ECF No. 53-1). The document is signed by Subhash Patel of Lexington, Tennessee, and dated April 10, 2017. The exhibit contains an "Assignment of Insurance Benefits" clause, assigning any insurance claims or causes of action to Affordable Construction.

Underwriters challenge the admissibility of the exhibit. According to Underwriters, Plaintiffs have introduced the document for the first time at summary judgment. Plaintiffs did not produce it during discovery and have not supplemented their discovery production at any time to

disclose the agreement. Fed. R. Civ. P. 56(c)(2) (allowing a party to object to the admissibility of material cited to dispute a fact at summary judgment).[3] The Court would also add that the document, which is presented as an exhibit to Plaintiffs' brief, lacks authentication. *See* Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").

For purposes of deciding Underwriters' Motion for Summary Judgment, the Court need not make a final determination of whether Affordable Construction has the standing or capacity to bring a breach of contract claim against Underwriters or whether Plaintiffs may rely on the unverified assignment agreement to survive summary judgment on the issue. The Court holds that regardless of which Plaintiff properly holds the claim, the statute of limitations now bars the breach of contract claim.

The Tennessee Supreme Court has explained that statutes of limitations are "shields, not swords" and reflect "a societal choice that actions must be brought within a certain time period." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 456 (Tenn. 2012) (citations omitted). Statutes of limitations under Tennessee law "(1) promote stability in personal and business relationships, (2) give notice to defendants of potential lawsuits, (3) prevent undue delay in filing lawsuits, (4) avoid the uncertainties and burdens inherent in pursuing and defending stale claims, and (5) ensure that evidence is preserved and facts are not obscured by the lapse of time or the defective memory or death of a witness." *Id*. (internal quotations marks and citations

---

[3] Local Rule 56.1 governs motion practice at summary judgment and permits a non-moving party to file a sur-reply when as here the moving party raises an objection to the admissibility of evidence for the first time in a reply brief. Local R. 56.1(e). The non-moving party must file its sur-reply within seven days of service of the moving party's reply brief. In this case Plaintiffs did not avail themselves of this opportunity.

omitted). By enacting statutes of limitations, the Tennessee legislature presumes that "persons with the legal capacity to litigate will not delay bringing suit on a meritorious claim beyond a reasonable time." *Id.* (citations omitted).

As a matter of federal procedural law, a statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c); *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). When a party seeks judgment as a matter of law on a statute of limitations, the Court must decide two questions: "(1) whether the statute of limitations has run and (2) whether there exists a genuine issue of material fact as to when the plaintiff's cause of action accrued." *Henry v. Norfolk S. Ry. Co.*, 605 F. App'x 508, 510 (6th Cir. 2015) (quoting *Campbell v. Grand Trunk W. R.R. Co.,* 238 F.3d 772, 775 (6th Cir. 2001)). As the party invoking the statute of limitations, Underwriters have the burden to prove that the statute of limitations has run on Plaintiffs' breach of contract claim and that no genuine issue of material fact exists as to when the claim accrued. *Id.* If Underwriters can discharge its burden to show that the claim is now time barred, the burden shifts to Plaintiffs to prove an exception to the statute of limitations. *Redwing,* 363 S.W.3d at 463–64, 467; *Lutz v. Chesapeake Appalachia, L.L.C.,* 717 F.3d 459, 464 (6th Cir. 2013).

The parties agree on two key points of Tennessee law. First, Underwriters argue, and Plaintiffs do not contest the point, that any breach of contract claim is subject to the policy's one-year statute of limitations. The policy states in relevant part that

> DD. Suit No suit shall be brought on this policy unless the insured has complied with all the policy provisions and has commenced the suit within one year after the direct physical loss or damage occurs. Delay on the part of the Company or Named Insured during the adjustment of any claim shall not extend the time in which to file suit.

Defs.' Mot. for Summ. J., ex. B (ECF No. 46-2). This provision trumps Tennessee's general six-year statute of limitations for contract causes of action. Tenn. Code Ann. § 28–3–109(a)(3) (setting

9

a six-year limitations period "after the cause of action accrued" to commence an action on a contract). "Under Tennessee law, an insurance policy provision establishing an agreed limitations period within which suit may be filed against the company is valid and enforceable." *Wynne v. Stonebridge Life Ins. Co.*, 694 F. Supp. 2d 871, 875 (W.D. Tenn. 2010) (citing *Brick Church Transmission, Inc. v. S. Pilot Ins. Co.*, 140 S.W.3d 324, 329 (Tenn. Ct. App. 2003)). The parties therefore agree that the policy's one-year statute of limitations applies. Second, Underwriters argue, and once again Plaintiffs do not dispute the point, that any cause of action based on a breach of the policy actually accrued on the date that Underwriters denied the claim. *See Certain Underwriters at Lloyd's, London Subscribing to Policy of Insurance No. LTC982015 v. Transcarriers, Inc.*, 107 S.W.3d 496, 499 (Tenn. Ct. App. 2003) ("Thus an insured's cause of action accrues upon denial of liability by the insurance company when that denial comes within the immunity period."). The parties concur then that even though the alleged loss at Ginney Motel's property occurred on March 27, 2017, the breach of contract claim only accrued when Underwriters denied coverage.

On the crucial question of when Underwriters actually denied the claim, however, the parties do not agree. Underwriters maintain that any claim for breach of the insurance contract accrued May 22, 2017, the date on which Underwriters issued its first denial of coverage. If Underwriters are right, then Plaintiffs had one year from that date, or until May 22, 2018, to file suit. Plaintiffs do not deny that Underwriters communicated an initial denial in May 2017. But Plaintiffs counter that after Ginney Motel received notice of Underwriters' initial denial, Ginney Motel obtained its own inspection of the hail damage and forwarded the findings of the inspector, which were favorable to Ginney Motel and its coverage position on the damage, to Underwriters. Underwriters at that point got a second opinion of its own about the damage. While Plaintiffs

10

acknowledge that Underwriters at all times continued to deny coverage, Plaintiffs argue that a breach of contract claim did not accrue until Underwriters issued a final denial of coverage on September 25, 2017. If Plaintiffs are correct, then they had until September 25, 2018, in which to file suit.

The Court finds that Underwriters has the better of the argument. The Tennessee Court of Appeals has held under similar facts that an insured's contract claim against its insurer accrues upon the insurer's initial denial of the claim, even if the parties continue to investigate the claim and negotiate a resolution.[4] In *Das v. State Farm Fire and Casualty Company*, 713 S.W.2d 318 (Tenn. Ct. App. 1986), the Court of Appeals considered the timeliness of an insured's breach of contract claim against its insurer when the insurer denied coverage for damage to the insured's home. The homeowner in *Das* sustained property damage to his home, specifically, a crack in the basement wall of the home. *Das v. State Farm Fire & Cas. Co.*, 713 S.W.2d 318, 320 (Tenn. Ct. App. 1986). The homeowner blamed the damage on a third-party contractor engaged in blasting nearby. *Id*. The insurance company retained an engineer who opined that the damage was just the result of the structure settling or possibly water damage. *Id*. Based on the engineer's conclusions, the insurance company denied the homeowner's claim August 12, 1983. *Id*. The parties nevertheless continued to negotiate a resolution of their dispute. The homeowner obtained his own inspection, and the insurance company retained another engineer, who like the first engineer

---

[4] As in any case where the Court has jurisdiction based on the parties' diversity of citizenship, the Court applies the law of the forum state and has as its task to anticipate or predict how the highest court of the state would decide the issue based on all of the available data. *Fox v. Amazon.com, Inc.*, 930 F.3d 415, 422 (6th Cir. 2019) (citing *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012)). This includes the published opinions of the Tennessee Court of Appeals. *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 358 (6th Cir. 2018) (citing Tenn. Sup. Ct. R. 4(G)(2) for the proposition that a published opinion of the Tennessee Court of Appeals is "controlling authority for all purposes unless and until such opinion is reversed or modified by a court of competent jurisdiction").

retained by the insurance company concluded that the damage was not caused by the blasting. *Id.* at 321. The insurance company communicated another denial of the homeowner's claim on December 21, 1983. *Id.* at 324. The homeowner filed suit on August 24, 1984. *Id.*

Just as the parties in this case, the parties in *Das* agreed that a one-year statute limitations applied but disagreed over when the insured's breach of contract claim accrued: the date of the insurance company's first denial of coverage (August 12, 1983) or the date of the final denial of coverage following additional settlement negotiations and subsequent inspections (December 21, 1983). The Tennessee Court of Appeals held that the claim accrued on the date of the insurer's first denial of coverage. *Id.* ("Dismissal of plaintiffs' suit was justified by their failure to sue within one year after the first denial of liability."). Just as Plaintiffs here, the homeowner in *Das* argued that the insurance company's willingness to allow an additional inspection and consider offers of settlement from the insured did not trigger the one-year limitations period and that the homeowner's cause of action only accrued at the insurance company's second and final denial of the claim. The Court of Appeals was not persuaded, holding that "renewal of investigation and/or discussion after denial of liability . . . would not entitle the insured to an additional year for suit after the termination of the renewed investigation and/or discussion." *Id.*

The Court finds that *Das* controls the statute of limitations question presented here. Plaintiffs' breach of contract claim accrued on May 22, 2017, the date of Underwriters' initial denial of the insurance claim. Plaintiffs therefore had until May 22, 2018, to bring suit on the alleged breach of the insurance contract. But that did not happen. Plaintiffs actually filed two different federal lawsuits over the breach of contract: the first on July 26, 2018, and then their Complaint in the case at bar on October 13, 2019. Both of Plaintiffs' suits were clearly filed outside of the one-year statute of limitations. Furthermore, there is no evidence to suggest that

Underwriters "requested a delay in suit or that plaintiffs were induced to delay their suit by the agreement of defendant to seek a third [inspector's] opinion at its own expense." *Id*. at 323. Underwriters contest whether Plaintiffs' first suit even presented the same controversy over the denial of Ginney Motel's insurance claim. Assuming that Plaintiffs could claim the benefit of their first-filed suit in July 2018 for purposes of the statute of limitations, Plaintiffs still filed two months too late. The fact remains that almost eight months passed from Underwriters' final denial of the claim and the initiation of the suit. Plaintiffs have not shown any cause, in law or equity, to excuse their delay in filing suit between the date of Underwriters' final denial on September 25, 2017, and the running of the one-year limitations period on May 22, 2018. The Court concludes then that Plaintiffs' claims are time barred.

To avoid this outcome, Plaintiffs invoke the Tennessee savings statute. Tennessee's savings statute reads as follows:

> If the [original] action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a). There is some question about whether Plaintiffs could meet the requirements of the statute. But as the Court has already noted, the filing of Plaintiffs' first federal suit on July 26, 2018, which Plaintiffs nonsuited in December 2018, was still outside of the limitations period. Because "their first lawsuit, filed after the one-year statute of limitations expired, was not 'commenced within the time limited by a rule or statute of limitation,' . . . [Plaintiffs] cannot rely on the one-year savings statute to establish the timeliness of this lawsuit." *Martin v. Rolling Hills Hosp., LLC*, 600 S.W.3d 322, 325 (Tenn. 2020) (citing Tenn. Code Ann. §

28-1-105(a)).  So even giving Plaintiffs the benefit of the doubt, the savings statute does not preserve their untimely claims.

In summary, Underwriters has carried its burden to show that the statute of limitations on Plaintiffs' contract claim has run and that no genuine issue of material facts exists as to when Plaintiffs' contract claim accrued.  *Henry*, 605 F. App'x at 510.  For their part Plaintiffs have not proven that an exception to the statute of limitations exists under the facts of this case.  *Redwing,* 363 S.W.3d at 463–64, 467; *Lutz*, 717 F.3d at 464.  Therefore, the Court holds that Underwriters are entitled to judgment as a matter of law on the statute of limitations issue.

## CONCLUSION

The Court holds that no genuine issues of material fact exist on the timeliness of Plaintiffs' contract claim.  Therefore, Underwriters' Motion for Summary Judgment must be **GRANTED**.  In light of the Court's ruling, Underwriters' separately filed motion in limine (ECF No. 47) is **DENIED** as moot.  The Clerk of Court is directed to enter judgment.

**IT IS SO ORDERED**.

> **s/ S. Thomas Anderson**
> S. THOMAS ANDERSON
> CHIEF UNITED STATES DISTRICT JUDGE
>
> Date: December 11, 2020.